UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00075-R

JESSICA ROSS, as next friend
of minor child, S.R.,                                                          PLAINTIFF

v.

TERESA LAMBERSON                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant's motion for partial summary judgment (DN 19).  Plaintiff

has responded (DN 23) and Defendant has replied (DN 25).  This matter is now ripe for

adjudication.  For the reasons that follow, Defendant's motion is GRANTED.  The Court will

REMAND the remaining state-law causes of action to the Christian County Circuit Court.

## BACKGROUND

This matter revolves around an episode of corporal punishment by Defendant Teresa

Lamberson ("Lamberson"), a teacher at Lacy Elementary School in Christian County, Kentucky,

on a fifth-grade student, S.R.  Plaintiff Jessica Ross ("Plaintiff"), S.R.'s mother, brings this

action on behalf of her minor daughter.  Plaintiff alleges that during class Lamberson took S.R.

by the head and abruptly twisted it.  As a result, S.R. suffered injuries to her neck and spine.

Plaintiff now pursues a substantive due process violation against Lamberson under 42 U.S.C. §

1983.  Plaintiff also asserts the state-law torts of battery and negligence.  Currently, Lamberson

moves for summary judgment, arguing her behavior was not egregious enough to implicate

S.R.'s constitutional rights.

Given the tenor of summary judgment, the Court recites the facts in the light most

favorable to Plaintiff.  On March 4, 2009, Lamberson was administering a social studies test to

1

her fifth-grade students.  During the examination, S.R. began talking to other students.
Lamberson moved S.R. from her normal desk to a computer chair that faces one of the
classroom's walls.  She thought this would stop S.R.'s disruptive behavior and encourage her to
focus on the test.  However, S.R. continued to speak with her classmates.

The record is unclear how long this behavior lasted, but at some point during the test,
Lamberson approached S.R. from behind.  S.R. was speaking with a student seated nearby.
Placing her palms on the top of S.R.'s head, Lamberson jerked the child's head to get her
attention.  Lamberson then told S.R. to concentrate on the test and to stop talking to the other
students.  S.R. continued to misbehave and Lamberson eventually moved her to the floor behind
the teacher's desk to complete the exam.

Plaintiff and S.R. characterize the motion as a quick, violent turn of the child's head.
Other students said they heard a "popping" sound emanate from S.R.'s neck.  DN 23-2 at 2.
After school, S.R.'s parents took her to a local emergency room where doctors diagnosed her
with a cervical/spinal strain.  She was provided medication and a neck brace to wear for three
weeks.  S.R. has continued to see her pediatrician for soreness in her neck and has been referred
to an orthopaedic surgeon at least once.  Even though the medical records are inconclusive and
the incident occurred three years ago, S.R. has ongoing bouts of pain and will need to attend pain
management to treat her condition.

In the days after the incident, criminal charges were brought against Lamberson for
assault in the fourth degree.  The criminal case was resolved by partial restitution of medical
bills incurred by S.R. and a criminal diversion.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Plaintiff pursues a violation of S.R.'s substantive due process rights under the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983.  Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St.*

3

*Eward,* 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail."  *Id.* The parties seemingly concede, and the record reflects, that Lamberson was acting pursuant to her role as an educator and employee of the state.  Accordingly, the Court proceeds to whether her actions were constitutionally impermissible.

Under the Fourteenth Amendment, a state may not deprive an individual of life, liberty, or property without due process of law.  U.S. Const. Amend. XIV.  The substantive component of the Due Process Clause can be divided into two categories.  The first "includes claims asserting denial of a right, privilege, or immunity secured by the Constitution or by federal statute other than procedural claims under 'the Fourteenth Amendment simpliciter.'"  *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Mertik v. Blalock,* 983 F.2d 1353, 1367-68 (6th Cir. 1993)).  The second targets "official acts which may not occur regardless of the procedural safeguards accompanying them.  The test for substantive due process claims of this type is whether the conduct complained of 'shocks the conscience' of the court."  *Id.*

"The latter type of claim . . . does not 'require a claim that some specific guarantee of the Constitution apart from the due process clause be violated . . . .  This is a substantive due process right akin to the 'fundamental fairness' concept of procedural due process.'"  *Id.* (quoting *Wilson v. Beebe,* 770 F.2d 578, 586 (6th Cir. 1985)).  Claims by students protesting corporal punishment fall into the second category and are evaluated under the shocks-the-conscious standard.  *E.g., id.*; *Nolan v. Memphis City Schools,* 589 F.3d 257, 269 (6th Cir. 2009).

The shocks-the-conscious standard is historically antagonistic toward corporal punishment claims by students.  To succeed, students must show "'the force applied caused

4

injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.'" *Nolan*, 589 F.3d at 269 (quoting *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir. 1987)).  Courts that have permitted substantive due process claims to proceed to trial customarily require the student to sustain dramatic physical injuries.  *See*, *e.g.*, *Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d 1069, 1072-73 (11th Cir. 2000) (football coach struck student with a metal weight in the eye, resulting in loss of the eye); *Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) (student required hospitalization after suffering broken nose and fractured teeth); *Garcia by Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987) (paddling nine-year-old girl hard enough to cause her to bleed and leave a permanent scar); *Hall v. Tawney*, 621 F.2d 607 (4th Cir. 1980) (student was hospitalized for ten days after paddling).  Claims of substantive due process with less severe injuries are typically dismissed at the summary judgment stage.  *See*, *e.g.*, *Saylor v. Board of Education*, 118 F.3d 507, 514–15 (6th Cir. 1997) (summary judgment warranted where teacher hit student with paddle five times); *Wise v. Pea Ridge School District*, 855 F.2d 560, 562 (8th Cir. 1988) (summary judgment upheld when paddling of student caused bruising); *C.A. ex rel. G.A. v. Morgan Cnty. Bd. of Educ.*, 577 F. Supp. 2d 886, 891 (E.D. Ky. 2008) (raised whelps across both cheeks of student's backside could not shock the conscious).

Lamberson contends dismissal is proper because even considering the facts in Plaintiff's favor, her actions do not shock the conscious.  Lamberson insists she was attempting to administer an exam and S.R.'s misbehavior justified some reaction.  Though taking the child's head and twisting it may have been poor judgment, Lamberson states the action was not constitutionally impermissible since it does not "shock the conscious."  She further argues that

5

S.R. has not presented an injury sufficient to overcome the high hurdle established by the aforementioned precedent.

The Court agrees.  Neither party disputes that S.R. was disruptive during the exam nor that Lamberson's behavior was motivated by her desire to quiet the student.  Taking a student's head and yanking it to one side is clearly an inappropriate technique to control an unruly child.  However, no reasonable jury could believe the act was inspired by "malice or sadism rather than a merely careless or unwise excess of zeal."  *Nolan*, 589 F.3d at 269 (citation omitted).  In analogous cases where teachers grabbed students either to get their attention or for disciplinary reasons, courts have held the Due Process Clause inapplicable.  *See Allen v. School Bd. of Broward Cnty., Fla.*, 782 F. Supp. 2d 1340, 1342-43 (S.D. Fla. 2011) (summary judgment granted even though teacher broke student's arm when teacher thought he saw contraband in student's possession and grabbed student's left arm to escort him out of the cafeteria); *Minnis ex rel. Doe v. Sumner County Bd. of Educ.*, 804 F. Supp. 2d 641, 648-49 (M.D. Tenn. 2011) (where teacher grabbed student's arm to keep him from running wildly in classroom, bruises to student's arm did not shock the conscious).  Even presuming Lamberson did twist S.R.'s head, such behavior cannot form the basis of a substantive due process violation.

Plaintiff's chief objection to summary judgment concerns the differences between corporal punishment, such as paddling, and Lamberson's behavior.  Many of the cases cited by the parties evaluate physical confrontations between students and teachers in the context of punishment promoting a pedagogic interest.  Since Lamberson physically manhandled S.R. without a specific disciplinary purpose, Plaintiff argues the cases that review the constitutionality of paddling and spankings are inapplicable.  Instead, Plaintiff urges the Court to use another metric to measure Lamberson's due process violation.

Plaintiff's contentions are misguided.  Many courts apply a corporal-punishment analysis outside the context of paddling and spanking students.  *See*, *e.g.*, *Allen*, 782 F. Supp. 2d at 1346-47 (teacher's act of grabbing student and accidentally breaking his arm analyzed as corporal punishment); *London v. Directors of DeWitt Pub. Schools.*, 194 F.3d 873, 875 (8th Cir.1999) (corporal punishment analysis employed to review teacher's act of dragging student across room and banging head against metal pole); *Metzger v. Osbeck*, 841 F.2d 518, 519–20 (3d Cir.1988) (chokehold of student reviewed under framework of corporal punishment).  When a teacher employs physical force, whether the result of an official school policy or part of an informally-administered disciplinary regime, it is consistently held to have some pedagogical objective when it is focused on a disruptive student.  *See JGS v. Titusville Area School Dist.*, 737 F.Supp.2d 449, 457 (W.D. Pa. 2010) (collecting cases).  Accordingly, the Court should review Lamberson's behavior through the lens of corporal punishment so long as it was premised on the promotion of discipline.

Reading the record in the light most favorable to Plaintiff, the motivation behind the alleged head-twist was disciplinary.  The facts show S.R. was speaking during an exam and refused to comply with Lamberson's repeated warnings.  Lamberson moved the child twice during the test to encourage her to concentrate on her work.  Neither party seriously disputes that Lamberson jerked S.R.'s head around to emphasize that she was not behaving.  As the physical reaction was "pedagogically oriented or disciplinary in nature," *Minnis*, 804 F. Supp. 2d at 648, Plaintiff must bring forth evidence showing Lamberson's actions were "brutal and inhumane." *Brooks v. School Bd. of City of Richmond, Va.*, 569 F. Supp. 1534, 1536 (E.D. Va. 1983). Because she has failed in this endeavor, summary judgment is proper.

In addition, the Court has yet to discover an injury as mild as S.R.'s to have survived a

motion for summary judgment. The Court sympathizes with S.R. and credits the medical evidence in the record documenting the soft-tissue injury to her neck. Still, graver injuries have failed to evoke sufficient outrage to "shock the conscious." *See*, *e.g.*, *Allen*, 782 F. Supp. 2d at 1340 (broken arm insufficient to shock the conscious); *Daniels v. Lutz*, 407 F. Supp. 2d 1038, 1046-46 (E.D. Ark. 2005) (striking student across the head with book, which cut the student's cornea, did not implicate substantive due process). The present matter is a sound example of the principle that not every tortious act qualifies as a violation of the Fourteenth Amendment.

As summary judgment is warranted for the alleged violation of S.R.'s substantive due process rights, all that remains is the state-law torts of battery and negligence. The Court finds that it does not have pendent jurisdiction under 28 U.S.C. § 1367 to address the remaining state law claims asserted against Lamberson. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287-88 (6th Cir. 1992) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996). The Court shall remand the remainder of this lawsuit to the Christian County Circuit Court.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion for partial summary judgment. The federal claim is DISMISSED with prejudice. The state-law claims are REMANDED to the Christian County Circuit Court. The clerk of court is directed to strike this matter from the active docket. An appropriate order shall issue.